**HARMONY DRILLING CO., INC.,**
Plaintiff–Appellant,

v.

**Albert E. KREUTTER,**
Defendant–Appellee

v.

**Maurice AMIDEI, Appellant.**

No. 87–6271

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 1, 1988.

Maurice Amidel, Houston, Tex., for plaintiff-appellant.

F. James Kane, Jr., Damon & Morey, Buffalo, N.Y., for defendant-appellee.

Before POLITZ, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

**18**

PER CURIAM:

Plaintiff Harmony Drilling Company appeals an order by the district court dismissing its claim against defendant Albert Kreutter. For the reasons stated in the district court's order adopting the magistrate's report and recommendation, we reject Harmony's claim that the district court erred in dismissing Harmony's claim on the basis of res judicata and affirm that portion of the district court's order.

Additionally, Harmony's counsel, Maurice Amidei, appeals the district court's order granting Kruetter's motion for sanctions pursuant to Fed.R.Civ.P. 11. Specifically, attorney Amidei contends that the district court did not comply with the guidelines established for assessing Rule 11 sanctions set forth in our recent en banc decision of *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866 (5th Cir.1988) (en banc). Since the district court imposed sanctions prior to our decision in *Thomas*, we vacate and remand that portion of the district court's order making the sanctions determination so the district court may rule on the sanctions issue with the guidance of *Thomas;* nevertheless, because attorney Amidei's contentions on appeal reflect a misunderstanding of the procedures and standards set forth in *Thomas* for applying sanctions, we are compelled to address, at least in part, some of those contentions.

I. FACTS AND PROCEDURAL HISTORY

As our discussion at this point only addresses that portion of the district court's order awarding sanctions to Kruetter, we recite only those facts of the instant case relevant to the sanctions determination.

On April 17, 1985, Harmony's counsel, Amidei, filed the instant suit against Kruetter, alleging that Kruetter had purchased from Harmony on December 28, 1977 a used drilling rig and seeking over $10,500 in storage fees for storing the rig. As noted by the federal magistrate assigned to the case, the claims in the April 17, 1985 action were "virtually identical" to claims previously asserted by Harmony with Amidei as counsel, in a counterclaim filed against Kruetter in December 1983. The December 1983 counterclaim was subsequently dismissed on the basis that the claim was barred by the applicable statute of limitations. The only difference between the two suits was that, in the April 17, 1985 action, Harmony sought storage fees for the four years immediately prior to the filing of the suit whereas, there was no such time frame specified for damages in the December 1983 suit.

After the filing of the instant suit, counsel for Kreutter asserts that he telephoned Amidei to inquire as to why Harmony was making the identical claims against Kreutter in the April 17, 1985 action that had been previously alleged and dismissed in the earlier action and not appealed by Harmony. According to Kreutter, counsel for Harmony refused to cooperate or to discuss the matter. Kreutter subsequently filed a motion on June 6, 1986 to dismiss Harmony's suit on the basis of lack of jurisdiction and res judicata. Thereafter, Harmony filed a motion for summary judgment. After reviewing the pleadings and hearing oral argument on the motions, the federal magistrate recommended that Kreutter's motion to dismiss be granted and that Harmony's motion for summary judgment be denied. Further, the magistrate expressed the belief that sanctions should be imposed against Harmony's counsel, Amidei, pursuant to Rule 11 and requested that Kreutter submit to the court an itemized statement of excess costs, expenses and attorney's fees incurred in defending against Harmony's claim.

After reviewing the magistrate's findings and recommendations de novo, and also reviewing Harmony's objections to those recommendations, the district court issued an order on October 9, 1987 adopting the magistrate's recommended findings and dismissing Harmony's suit. As to the magistrate's recommendation of sanctions, the district court concluded that the magistrate's recommendation to impose sanctions against attorney Amidei was not clearly erroneous or contrary to the law in light of the pertinent facts and therefore, ordered

Amidei to pay Kruetter $5,285 as an appropriate sanction.

## II. DISCUSSION

On appeal, attorney Amidei contends that the district court abused its discretion in imposing sanctions against him. Initially, Amidei contends that the district court did not give him any notice of the Rule 11 violation before imposing sanctions as required in *Thomas*. Had notice by the court been given that sanctions were to be imposed, Amidei states that he would have taken appropriate action such as voluntarily dismissing the claim against Kruetter. Amidei misconstrues the notice requirement for district courts established in *Thomas*. *Thomas* did not establish a rule that district courts, in all instances, must give the offending party notice of a Rule 11 violation before applying sanctions. Rather, *Thomas* contemplates notice being given by a court presented with an obviously defective paper, generally filed in the initial stages of the litigation, which the court believes subjects the violating party to possible sanctions. Thus, to the extent that Amidei's contention is that district courts must, in all instances, provide an offending party with notice of a Rule 11 violation before imposing sanctions, either sua sponte or at the request of opposing counsel, his contention is without merit.

Attorney Amidei next asserts that the district court did not comply with *Thomas* by failing to impose the least severe sanction adequate to serve the purpose under Rule 11. *Thomas*, 836 F.2d at 878. Amidei contends that, in the instant case, the least severe sanction adequate to serve the purpose would have been an oral reprimand, not the monetary assessment of $5,285. Again, Amidei apparently misunderstands the Court's pronouncement in *Thomas*. *Thomas* does not require that the "least severe sanction" be imposed, rather that the "least severe sanction adequate to serve the purpose" of Rule 11 be imposed. If we were to adopt the construction of our statement in *Thomas* asserted by Amidei, an oral reprimand would be the appropriate sanction in the majority of Rule 11 cases, as an oral reprimand is generally not thought of as a severe sanction. However, an oral reprimand may not serve the purposes of Rule 11 in all cases. For example, an oral reprimand may not deter future violations when the offending party is a large corporate entity or the offending conduct is unusually egregious. It is for the district court, which is best acquainted with the particular facts of the case, to determine the type of sanction which will best serve the purpose of Rule 11, and we defer to that determination absent an abuse of discretion.

Amidei further argues that Kreutter did not mitigate its expenses by failing to resolve the instant dispute with the least expensive alternative. Such mitigation, Amidei argues, is required under *Thomas*. In *Thomas*, we stated that "we ... strongly encourage litigants to use the least expensive alternative to alert the court and the offending party of a Rule 11 violation...." *Thomas*, 836 F.2d at 880 n. 20. Additionally, we noted that:

[A] party seeking Rule 11 costs and attorney's fees has a duty to mitigate those expenses, by correlating his response, and hours and funds expended, to the merits of the claims. If a litigant fails to do so, the district court may exercise its discretion and either reduce the award accordingly, or in some instances, decline to award any expenses.

*Id.* at 879 (citation omitted). Without addressing whether counsel for Kreutter complied with his duty to mitigate in the instant case, we reject the assertion implicit in Amidei's argument that a litigant must, *in all instances*, use the least expensive alternative to resolve a dispute and to bring a Rule 11 violation to the court's attention. While certainly the alternative used by the litigant is a relevant consideration to the district court's determination of a sanctions award, the failure to use the least expensive alternative does not per se bar the imposition of sanctions.

In sum, a sanctions determination is necessarily a fact-dependent inquiry. District courts should tailor their sanctions decisions to the facts of each case in a manner

reflecting the multiple purposes of Rule 11—the deterrence of future violations, and the education and rehabilitation of offending parties.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.